IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN P. FORD, MD.,

        Plaintiff,                                C.A. NO.

        v.

MOUNT NITTANY MEDICAL CENTER HEALTH        JURY TRIAL DEMANDED
SERVICES, INC. d/b/a MOUNT NITTANY
PHYSICIAN GROUP; MOUNT NITTANY
HEALTH SYSTEM d/b/a MOUNT NITTANY
HEALTH; MOUNT NITTANY MEDICAL
CENTER; CANCER CARE PARTNERSHIP; and
EDWARD BALABAN, individually,

        Defendants.

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff JOHN P. FORD, M.D, by and through his attorneys, TIMOTHY P. O'BRIEN, ESQUIRE, and MARGARET COLEMAN, ESQUIRE and the LAW OFFICES OF TIMOTHY P. O'BRIEN to submit the following Complaint in Civil Action, and in support thereof avers as follows:

I)      INTRODUCTION

1.     Plaintiff alleges that Defendants Mount Nittany Medical Center Health Services, Inc. d/b/a Mount Nittany Physician Group, Mount Nittany Health System d/b/a Mount Nittany Health, Mount Nittany Medical Center, Cancer Care Partnership and Edward Balaban, violated his right to be free from discrimination based on his age as protected by the Age Discrimination in Employment Act and/or Pennsylvania Human Relations Act by terminating his employment contract for the purpose of assigning his

1

duties to younger physicians. Plaintiff further alleges that Defendants Mount Nittany Health System d/b/a Mount Nittany Health, Mount Nittany Medical Center, Cancer Care Partnership and Edward Balaban tortiously interfered with his contractual employment relationship with Mount Nittany Physician Group by inducing Mount Nittany Physician Group to terminate his employment contract and/or reduce his hours for the purpose of assigning his duties to younger physicians.

II)    JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 28 USC §§ 1331, 1332, 1343 and 1367 and upon the doctrines of pendent, ancillary and supplemental jurisdiction over any state-law claims.

3.     This Court has jurisdiction under 28 United States Code §1332 in that Plaintiff and Defendants are citizens of different states and that the amount in controversy, exclusive of interests and costs, exceeds $75,000.

4.     All of the violations of Plaintiff's rights alleged herein occurred within the Middle District of Pennsylvania. Venue is, therefore, properly in the Middle District of Pennsylvania under 28 USC § 1391(B).

III)   PARTIES

5.     Plaintiff is an adult individual who is a citizen of the State of New York. Plaintiff's date of birth is June 18, 1945.

6.     Defendant Mount Nittany Medical Center Health Services Inc. d/b/a Mount Nittany Physician Group (MNPG), is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania and a citizen of such Commonwealth with a registered business address of 1800 E. Park Avenue in State College, Pennsylvania.

Such Defendant was, at all times relevant, acting by and through its duly authorized employees, agents and assigns, who were then and there acting within the course and scope of their employment.

7. At all times relevant, MNPG was an employer and/or joint employer as those terms have been defined under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq,* and/or the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951, *et seq.*

8. Defendant Mount Nittany Health System d/b/a Mount Nittany Health (Mount Nittany Health) is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania and a citizen of such Commonwealth with a registered business address of 1800 E. Park Avenue in State College, Pennsylvania. Defendant Mount Nittany Health is the parent of Defendant MNPG. Defendant Mount Nittany Health was, at all times relevant, acting by and through its duly authorized employees, agents and assigns, who were then and there acting within the course and scope of their employment.

9. At all times relevant, Mount Nittany Health was an employer and/or joint employer as those terms have been defined under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq,* and/or the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951, *et seq.*

10. Defendant Mount Nittany Medical Center (MNMC) is a non-profit corporation organized under the laws of the Commonwealth of Pennsylvania and a citizen of such Commonwealth with a registered address of 1800 E. Park Avenue in State College, Pennsylvania. Such defendant was, at all times relevant, acting by and through

3

its duly authorized employees, agents and assigns, who were then and there acting within the course and scope of their employment.

11.   At all times relevant, MNMC was an employer and/or joint employer as those terms have been defined under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq,* and/or the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951, *et seq.*

12.   Defendant Cancer Care Partnership (CCP) is a partnership between Defendant Mount Nittany Health, or Defendant MNMC, and Penn State Cancer Institute and is a citizen of the Commonwealth of Pennsylvania with an address at 1800 E. Park Avenue in State College, Pennsylvania.

13.   Defendant Edward Balaban is an adult individual and a citizen of the Commonwealth of Pennsylvania with an address at 1800 E. Park Avenue in State College, Pennsylvania.  At all times relevant hereto, Defendant Balaban was acting in the course and scope of his employment as CCP's Medical Director. He is sued in his individual capacity.

14.   At all times relevant, CCP was an employer and/or joint employer as those terms have been defined under the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621, *et seq*, and/or the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951, *et seq*.

15.   Defendants CCP, MNMC, MNPG and Mount Nittany Health jointly conduct business at the same address, which each defendant has registered with the Pennsylvania Department of State. On information and belief, the operations of

Defendants CCP, MNMC, MNPG and Mount Nittany Health are sufficiently intertwined to render these Defendants an integrated enterprise.

16.     On information and belief, Defendants CCP, MNMC, MNPG and Mount Nittany Health each exercised sufficient control over Plaintiff's employment to render these Defendants joint employers of Plaintiff.

IV)   <u>FACTS</u>

17.     In December 2003, Plaintiff entered into a Physician Employment Agreement (PEA) with Centre Medical & Surgical Associates (CMSA).  In 2011 CMSA was acquired by Defendant Mount Nittany Health and became part of Defendant MNPG.

18.     The PEA provided for automatic renewal every year unless one of the parties provided 60 days' notice of intent not to renew.

19.     From December 2003 through April 2016, Plaintiff's PEA was automatically renewed each year.

20.     At all times relevant, at MNPG's direction, Plaintiff performed services as a Hematology and Oncology Physician for Defendant Cancer Care Partnership.

21.     At all times relevant Plaintiff satisfactorily performed his duties pursuant to the PEA.

22.     On information and belief, in or about the first half of 2016, Defendant CCP, through Penn State Cancer Institute, entered into a contract with a younger, less well-qualified oncologist, Sean O'Donnell, to perform the same work as Plaintiff.  Dr. O'Connell is in his 30's.  Pursuant to this contract, Dr. O'Donnell's employment was to commence on July 1, 2016.

5

23.     By letter dated April 27, 2016, James Prowant, Defendant MNPG's Chief Operating Officer, notified Plaintiff of Defendant MNPG's "intent to terminate your existing Employment Agreement" effective June 30, 2016.  A copy of Plaintiff's then-existing PEA is attached hereto as Exhibit 1 and made a part hereof.

24.     On or about April 28, 2016, Defendant Edward Balaban, Medical Director for Defendant CCP, informed Plaintiff that his then-existing PEA would not be renewed, and that Plaintiff's hours would be cut progressively to promote O'Donnell's practice growth.

25.     On May 25, 2016, Dr. Anthony Cardell, Defendant MNPG's Executive Director and Chief Medical Officer, told Plaintiff that Defendant Balaban wanted a reduction in overall hours by physicians (other than himself.) MNPG would accomplish this by reducing Plaintiff's hours, but not those of Dr. James V. Lieb, a younger physician whom MNPG had hired in late 2015.

26.     On June 20, 2016, Prowant sent Plaintiff a draft of a new Physician Employment Agreement which provided for a drastic reduction in Plaintiff's hours.

27.     By e-mail of July 1, 2016, MNPG, through Prowant, agreed to a two-month extension of Plaintiffs' Employment Agreement, until August 31, 2016.  MNPG would not extend the agreement further. Rather MNPG insisted that Plaintiff accept the proposed new agreement reducing Plaintiff's hours.

28.     Plaintiff did not accept the proposed new agreement reducing his hours.

29.     Plaintiff's last day of employment with Defendants was August 31, 2016.

30.     On information and belief, Defendants CCP, MNMC, MNPG, Mount Nittany Health and Balaban assigned the work previously performed by Plaintiff to Drs. O'Donnell and Lieb.

31.     On information and belief, Defendants CCP, MNMC, MNPG, Mount Nittany Health and Balaban did not reduce Dr. Lieb's hours or those of Dr. O'Donnell.

32.     On information and belief, Defendant MNPG did not terminate its employment agreement with Dr. Lieb, nor did Defendant CCP terminate its employment agreement with Dr. O'Donnell.

V)     <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

33.     Prior to filing this lawsuit Plaintiff exhausted all necessary administrative procedures by filing appropriate charges with the Pennsylvania Human Relations Commission (PHRC).  A copy of the charge of discrimination filed on behalf of Plaintiff is attached hereto as Exhibit 2 and made a part hereof.

34.     Plaintiff's charge of discrimination was timely cross-filed with the United States Equal Employment Opportunity Commission.

35.     More than one year has elapsed since Plaintiff filed the Charge of Discrimination attached hereto as Exhibit 2.

VI)     <u>AGE DISCRIMINATION</u>

36.     Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

37.     At all relevant times Plaintiff was over 40 years old.

38.     At all relevant times, Plaintiff was highly qualified for the position of Hematology and Oncology Physician.

39.    At all relevant times, Plaintiff performed his duties as a Hematology Physician and Oncology Physician for Defendants in an acceptable manner.

40.    Defendants terminated Plaintiff's employment contract and assigned his duties to younger, less well-qualified physicians.

41.    As a result of the conduct of Defendants MNPG, Mount Nittany Health, MNMC and CCP, Plaintiff has been denied his right to be free from discrimination based on his age as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

42.    As a result of the conduct of Defendants MNPG, Mount Nittany Health, MNMC, CCP and Balaban, Plaintiff has been denied his right to be free from discrimination based on his age as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.*

43.    As a result of the conduct of Defendants, as hereinbefore described, Plaintiff has suffered lost wages, benefits, and other remuneration and damages.

44.    As a result of Defendants' conduct, as hereinbefore described, Plaintiff has suffered embarrassment, humiliation, and emotional distress.

45.    Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Plaintiff's federally protected rights.

VII)    <u>INTERFERENCE WITH AN EXISTING AND/OR PROSPECTIVE CONTRACTUAL RELATIONSHIP</u>

46.    Plaintiff incorporates by reference all preceding paragraphs as if set forth at length herein.

47.    At all times relevant, Plaintiff had an existing and/or prospective contractual relationship with Defendant MNPG.

48.     At all times relevant, Plaintiff had a reasonable expectation that his contract of employment with MNPG would continue based upon the terms of the Physician Employment Agreement which provided for automatic annual renewal, MNPG's past practice of automatically renewing those contracts and the undisputed ongoing need for the professional services Plaintiff agreed to provide under the PEA;

49.     At all times relevant, the parties to the PEA contemplated and intended that Plaintiff would perform the professional hematology and oncology physician services required under the PEA at the medical facilities -- and for the patients -- of the defendant Cancer Care Partnership.

50.     At all times relevant, Defendant Balaban, the Medical Director for Defendant CCP, interfered with Plaintiff's existing and/or prospective contractual relationship with MNPG by instructing and/or otherwise demanding that MNPG reduce and/or eliminate hours assigned to Plaintiff to provide hematology/oncology physician services at and/or for the benefit of CCP patients.

51.     At all times relevant, defendant Balaban knew that his instruction and/or demand made upon MNPG would result in the termination of Plaintiff's PEA.

52.     At all times relevant, Defendant Balaban's interference with Plaintiff's existing and/or prospective contractual relationship with MNPG was motivated by the illicit, illegal, and unlawful purpose of discriminating against Plaintiff on account of his age by replacing him with one or more younger physicians.

53.     As a result of the conduct of Defendants Balaban, Mount Nittany Health, MNMC and CCP, as hereinbefore described, Plaintiff has suffered lost wages, benefits, and other remuneration and damages.

54.    As a result of Defendants' conduct, as hereinbefore described, Plaintiff has suffered embarrassment, humiliation, and emotional distress.

WHEREFORE, Plaintiff requests judgment in his favor for compensatory and punitive damages, costs, disbursements and attorney's fees, pre-judgment interest as well as such other relief as the court deems just and equitable under the circumstances.

Respectfully submitted:

/s/ Timothy P. O'Brien
PA ID# 22104
tpob@obrien-law.net

Margaret S. Coleman, Esquire
PA ID# 200975
msc@obrienlawpgh.com

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400 – phone
(412) 232-3730 - fax

10